UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ABRAHAM HERBAS,

    Plaintiff,

v.

CITY OF SWEETWATER, a municipality within the
State of Florida,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Abraham Herbas** (herein referred to as "Plaintiff") sues Defendant, CITY OF SWEETWATER ("CITY") and alleges:

### A. JURISDICTION

1. This is an action for damages arising out of one or more violations of federal and state law detailed herein.

2. This action is brought pursuant to Title 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on Title 28 U.S.C. §1331, 1343, and Title 42 U.S.C. §1983 and the constitutional provisions mentioned above. Additionally, state tort claims are brought under this Court's pendent jurisdiction.

1

**B. PARTIES**

3. Plaintiff Abraham Herbas is a United States citizen residing in Miami-Dade County, Florida.

4. The Defendant, CITY, is a municipality located in Miami-Dade County, Florida, and is responsible, through its officers, employees, servants and agents, for enforcing the regulations of the Defendant, CITY, the laws of the state of Florida and of the United States, and for ensuring that its own officers, employees, servants and agents obey the laws of the state of Florida and of the United States.

**C. SUMMARY OF THE FACTS VENUE /CLAIMS AND DAMAGES**

5. On or about December 20, 2011, Defendant, CITY without legal cause, made an unreasonable detention and seizure of the Plaintiff's vehicle and thereafter sold it at auction circumventing Florida law governing forfeiture, and violating his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

6. It is further alleged that these violations were committed as a result of the deliberate indifference of the customs, policies and practices of the Defendant CITY.

7. The acts resulted in the violations alleged herein and occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida.

8. Furthermore, pendent claims under the laws of the State of Florida are brought for negligence and conversion. Those torts also occurred within the jurisdiction of the United State District Court, in and for the Southern District of Florida.

9. Plaintiff seeks an award of damages under Title 42 U.S.C. §1983 and applicable Florida law. The Plaintiff further seeks an award for punitive damages, court costs, and attorney's fees.

## COUNT I - 42 U.S.C. §1983 – WRONGFUL DETENTION/ DEPREVIATION AND TAKING OF PLAINTIFF´S PROPERTY

The Plaintiff realleges Paragraphs 1 through 9 as if fully set forth herein.

10. While Defendant, CITY´s police officers were acting under color of state law as officers of the Defendant, CITY, they deprived the Plaintiff of certain rights and privileges secured to him by the Constitution of the United States, including the right to not be deprived of one´s property without due process of law under the Fifth Amendment and the right to be free from unlawful search and seizure under the Fourth and Fourteenth Amendments.

11. At all times material hereto, the Defendant, CITY, permitted, tolerated and caused a custom, policy or practice to conduct unreasonable and illegal detention and seizures and disposal of property against the property of citizens.

12. These acts caused and actually encouraged Defendant CITY to believe that members of the public could be subjected to the illegal taking of their

3

property and that such conduct, in fact, would be permitted by the Defendant, CITY.

13. The Defendant, CITY, through its police officers, maintained a custom, policy or practice of intruding on the Fourth, Fifth and Fourteenth Amendment rights of public citizens.

14. The Defendant, CITY, has maintained history of failure to properly hire, and/or train, and/or supervise, and/or discipline its police officers, regarding among other things, the rights secured to citizens under the Fourth, Fifth and Fourteenth Amendments to the United Stated Constitution.

15. The foregoing acts, omissions, customs, polices or practices of the Defendant, CITY, caused its police officers to believe they would not be investigated or sanctioned, but instead would be tolerated, with the foreseeable result that its police officers were more likely to make unlawful detentions and seizures of citizens and their property.

16. The Plaintiff has been a victim of said abuses of authority and said illegal acts were the result of the previously described customs, policies or practices of the Defendant, CITY.

17. As a direct and proximate result of the acts described above, in violation of the United States Constitution, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff, demands judgment and compensatory damages against Defendant, CITY OF SWEETWATER, plus attorney's fees, costs,

interest and all other relief this Court deems just and proper. Plaintiff also seeks and award of punitive damages

## COUNT II – NEGLIGENCE

The Plaintiff realleges Paragraphs 1 through 9 as if fully set forth herein.

18. The Florida Contraband and Forfeiture Act ("the Act") is governed by F.S. §932.701-707. In this case, following the December 20, 2011 seizure of the plaintiff´s vehicle by the Defendant, and more specifically on January 4, 2012, the Plaintiff, though counsel, served a notice of representation and of his intent to seek an adversarial preliminary hearing (APH).  This request was followed up by correspondence on January 12, January 16 and January 31, 2012.

19. The Act requires the seizing agency, here the Defendant, City of Sweetwater, to hold a seized asset, in this case, Plaintiff´s motor vehicle, <u>until final adjudication by the court.</u>  Here, there was never any such adjudication. The Defendant City merely sold the Plaintiff´s vehicle at auction and kept the proceeds there from.

20. Defendant CITY violated its duty in that it did not set or notice and APH as demanded by Plaintiff's legal counsel and as required to be held by the Act; it did not file a forfeiture complaint, but rather, it sold the vehicle with no final judgment of forfeiture.

21. The breach of this duty is one of a statutory obligation and therefore is negligence per se.

5

22. As a direct, natural, and legal consequence of this breach, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment and compensatory damages against the CITY OF SWEETWATER, costs, interest and all other relief this Court deems just and proper.

## COUNT III – CONVERSION

The Plaintiffs reallege Paragraphs 1 through 9 as if fully set forth herein.

23. The Plaintiff had clear, legal ownership or right to possession of the vehicle at the time of Defendant, CITY´s conversion thereof.

24. The Defendant, CITY intentionally interfered with Plaintiff's property.

25. That property is particularly described as a 2009 Volkswagon with Vin #WVWHL73C99E526524, 2 door, and blue in color.

26. The Defendant, CITY´s interference has deprived the Plaintiff of possession, use and even title to his personal property.

27. As a direct result of the conversion, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment and compensatory damages against the Defendant, CITY OF SWEETWATER plus costs, interest and all other relief this Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable.

Dated this 23rd  day of October 2013.

                                                              Respectfully submitted,

                                                             s/ Richard J. Diaz

                                                          _____

                                                          Richard J. Diaz, Esq.
                                                          3127 Ponce De Leon Blvd.
                                                          Coral Gables, FL  33134
                                                          Telephone: (305) 444-7181
                                                          Facsimile: (305) 444-8178
                                                          F.B.N. 0767697